CAYETANO COLL CUCHI, Plaintiff and Appellee, *v.* EUGENIO REYES, Defendant and Appellant.

No. 4969.   Argued February 18, 1930.—Decided November 20, 1930.

*Artemio P. Rodríguez* for appellant.   *Luis R. Polo* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellant sold and delivered on September 16, 1929, to the appellee 23 milch cows at $140 each, and three days before the expiration of six months from such sale and delivery he was sued by the purchaser, who claimed the sum of $670 as the value of five cows which had hidden vices or defects rendering them unfit for the use for which they were intended, as three of them had wasted udders and two were not fit for breeding on account of age. The defendant answered and, after a trial, a judgment was rendered against him which has given rise to the present appeal.

The essential ground on which the appellant relied in his answer to the complaint and which he also urges in this appeal is that, at the time the complaint was filed, the action brought by the appellee had prescribed in accordance with the provisions of sections 1399 and 1387 of the Civil Code in force.

After providing, by sections 1364 and 1377, that the vendor is bound to deliver and warrant the thing which is the subject-matter of the sale and that he shall be responsible for legal and peaceful possession thereof and for any hidden faults or defects therein, the Civil Code contains two subdivisions or paragraphs consisting of several sections each. The first seven sections of Paragraph 2 deal generally with

hidden defects in the thing sold, and section 1389 gives the buyer in such cases the right, at his option, to withdraw from the contract, the expenses which he may have incurred being returned to him, which is the redhibitory action, or to demand a proportional reduction of the price, according to the judgment of experts, which is the action for reduced price or *quanti minoris;* and these actions, according to section 1393, shall be barred six months after the delivery of the thing sold. The remaining sections of said Paragraph 2 deal with hidden vices or defects of cattle and other animals sold. Section 1399 provides that the redhibitory action, based on the vices or defects of animals, must be instituted within forty days, counted from their delivery to the buyer, unless, in accordance with the customs of the locality, longer or shorter periods are established; and section 1402 prescribes that in the sale of cattle and other animals subject to redhibitory vices the buyer shall enjoy the privilege mentioned in section 1389, already cited; but he must avail himself thereof within the same periods which have been respectively fixed for the exercise of the redhibitory action.

From the foregoing it is to be noted that section 1402 of our Civil Code grants to the purchaser of animals subject to hidden vices the same actions that section 1389 confers upon the purchaser of things in general, namely, the redhibitory action for the rescission of the contract or the action for a proportional diminution of the price, with this difference: That in the cases referred to in section 1389 either action must be exercised within sixty days from the delivery of the thing sold, whereas in the case of animals this period is of forty days, for either of the two actions, as section 1399 fixes forty days for the redhibitory action in the sale of animals and section 1402 provides that in the sale of cattle and other animals the purchaser may exercise the same actions mentioned in section 1389, that is, the redhibitory action and the action for reduced price; but these must be exercised within the same period as has been respectively fixed for the exercise

of the redhibitory action. As the period for the exercise of the redhibitory action in the case of the sale of animals is forty days under section 1399, we must reach the conclusion that forty days is the period governing in the case of actions for a proportional diminution of the price in sales of cattle and other animals. On this question Manresa, at p. 262, Vol. X of his Commentaries on the Spanish Civil Code, in dealing with section 1499 and referring to sections 1390 and 1496 of the said Code, which are equivalent to sections 1402, 1393, and 1399 of our Code, expresses himself as follows:

"The section is not confined to this, but, like section 1490, establishes a common period for the exercise of both actions on the sale of cattle and other animals. Such period is the same as the one fixed by section 1496 in dealing with the redhibitory action, that is, that established by local custom or, in default thereof, forty days."

By reason of the foregoing, and because of the failure either to allege or to show that local custom has established a period longer than forty days for instituting the action brought by the appellee, we must conclude that said action had prescribed at the time of the filing of the complaint, and that the judgment appealed from must be reversed and another rendered instead in favor of the defendant, without special imposition of costs.